## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Eric Aumueller,<br><br>    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC, and<br>Weber & Olcese, P.L.C.,<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), Defendant Weber & Olcese, P.L.C.'s violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq*. ("MCPA"), and Defendant Portfolio Recovery Associates, LLC's violations of the Michigan Occupational Code, M.C.L. §339.901 *et seq*. ("MOC") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

4. Plaintiff Eric Aumueller is a natural person who resides in the County of Kent, State of Michigan.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Plaintiff is a "person" as the term is defined by M.C.L. § 445.251(f).

7. Plaintiff is a "consumer" as defined by M.C.L. § 339.901(f).

8. Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company, with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia, and with its registered being Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

9. Defendant PRA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant PRA is a "collection agency" as that term is defined by M.C.L. § 445.251(b).

11. Defendant PRA is a "collection agency" as that term is defined by M.C.L. § 339.901(b).

12. Defendant PRA is not licensed by the State of Michigan to collect consumer debt in Michigan.

13. Defendant PRA and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

14. Defendant PRA uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

15. Defendant PRA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant Weber & Olcese, P.L.C., ("Weber") is a domestic professional limited liability company with its principal place of business located at 3250 West Big Beaver Road, Suite 124, Troy, Michigan.

17. Defendant Weber uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

18. Defendant Weber regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. Defendant Weber is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

20. Defendant Weber and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

21. Defendant Weber and its employees and agents acted on behalf of Defendant PRA and for the benefit of Defendant PRA, at all relevant times.

## FACTUAL ALLEGATIONS

22. In December of 2011, or sometime thereafter, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes, a debt as that term is defined by the FDCPA, MOC, and MCPA, namely through an installment agreement with CITIBANK, N.A. for a Goodyear credit account (the "Debt").

23. Sometime during 2013, Plaintiff defaulted on his obligations to the original creditor with respect to the Debt.

24. After Plaintiff defaulted on the Debt, the account was transferred, placed, moved, sold, or otherwise assigned to Defendant PRA for collection.

25. Upon information and belief, Defendant PRA purchased the account associated with the account at issue, and paid less than $35.00 for Plaintiff's debt.

26. Plaintiff resided in Kent County, Michigan when the contract relating to the debt was signed.

27. On or about January 25, 2016, Defendant PRA, through counsel, filed a civil lawsuit against Plaintiff in the 58th Judicial District Court for the County of Ottawa.

28. Plaintiff resided in Kent County at the time Defendants brought the legal action against Plaintiff in the 58th Judicial District Court for the County of Ottawa.

29. Defendant PRA's records indicate that Plaintiff resided in Kent County, Michigan when the contract relating to the debt was signed.

30. Defendant PRA's records indicate that Plaintiff resided in Kent County, Michigan when the debt was charged off.

31. On or about February 24, 2016, Defendant Weber, sought information relating to "Request for change of address or boxholder information for service of legal process" with the Grand Rapids, Michigan, Postmaster. This Request indicated the Plaintiff's address was in Grand Rapids, Michigan, with the zip code being 49504.

32. On or about March 1, 2016, the Grand Rapids, Michigan, Postmaster informed Defendant Weber that there was "no change of address order on file" with respect to Plaintiff whose address was listed as being in Grand Rapids, Michigan 49504.

33. The geographical boundaries for zip code 49504 lie entirely within Kent County, Michigan.

34. The geographical boundaries for the 58th Judicial District Court does not include any addresses within the 49504 zip code.

35. Defendants' process server attempted to serve Plaintiff at his address in the City of Grand Rapids, in the 49504 zip code, on

multiple occasions, including, but not necessarily limited to, February 28, 2016; March 5, 12, 18, and 19, 2016.

36. Defendants filed a "Second Summons and Complaint" with the 58th Judicial District Court on or about April 11, 2016.

37. PRA's Second Summons and Complaint stated that "GRAND RAPIDS MI 49504-5449" was the "[p]lace where action arose or business conducted."

38. PRA's Second Summons and Complaint stated that Eric Aumueller's residence was located in "GRAND RAPIDS MI 49504-5449."

39. Plaintiff has suffered an injury in fact traceable to Defendant Weber's conduct that is likely to be redressed by a favorable decision in this matter.

40. Plaintiff has suffered an injury in fact traceable to Defendant PRA's conduct that is likely to be redressed by a favorable decision in this matter.

41. As a direct, actual, and proximate result of the acts and omissions of each Defendant, Plaintiff has suffered actual damages in the form of

anxiety, confusion, frustration, anger, lost sleep, agitation, and upset, amongst other negative emotions.

## TRIAL BY JURY

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### DEFENDANT PRA'S VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

45. Defendant PRA violated 15 U.S.C. § 1692i(a)(2) by bringing its civil complaint outside of the county where Plaintiff signed the contract and outside the county where Plaintiff resided at the time the action was commenced.

46. Defendant PRA violated 15 U.S.C. § 1692i(a)(2) by filing its Second Summons and Complaint outside of the county where Plaintiff

signed the contract and outside the county where Plaintiff resided at the time the action was commenced.

47. Defendant PRA's conduct violated 15 U.S.C. § 1692d, as the natural result of that conduct was to harass, or abuse Plaintiff in connection with the collection of Defendant PRA's debt.

48. Defendant PRA violated 15 U.S.C. § 1692e by making a false, deceptive, or misleading statement in connection with the attempt to collect the debt.

49. Defendant PRA's conduct violated 15 U.S.C. § 1692f when it engaged in unfair or unconscionable means to attempt to collect a debt.

50. Defendant PRA violated 15 U.S.C. § 1692d each time it violated the MOC, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

51. As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant PRA.

## COUNT II.
## DEFENDANT PRA'S VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant PRA and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq*.

54. Defendant PRA violated M.C.L. § 339.915(e) by making an inaccurate, statement or claim in a communication to collect a debt.

55. Defendant PRA violated M.C.L. § 339.915(e) by making a misleading statement or claim in a communication to collect a debt.

56. Defendant PRA violated M.C.L. § 339.915(e) by making an untrue statement or claim in a communication to collect a debt.

57. Defendant PRA violated M.C.L. § 339.915(e) by making a deceptive statement or claim in a communication to collect a debt.

58. Defendant PRA violated M.C.L. § 339.915(f)(i) by misrepresenting in a communication with a debtor, the legal status of a legal action being taken or threatened.

59. Defendant PRA violated M.C.L. § 339.915(f)(ii) by misrepresenting in a communication with a debtor, the legal rights of the Defendant.

60. Defendant PRA violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt.

61. Defendant PRA violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MOC violations by Defendant PRA's employees.

62. As a result of Defendant PRA's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant PRA.

**COUNT III.**
**DEFENDANT WEBER'S VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

65. Defendant Weber violated 15 U.S.C. § 1692i(a)(2) by bringing its civil complaint outside of the county where Plaintiff signed the contract and outside the county where Plaintiff resided at the time the action was commenced.

66. Defendant Weber violated 15 U.S.C. § 1692i(a)(2) by filing its Second Summons and Complaint outside of the county where Plaintiff signed the contract and outside the county where Plaintiff resided at the time the action was commenced.

67. Defendant Weber's conduct violated 15 U.S.C. § 1692d, as the natural result of that conduct was to harass, or abuse Plaintiff in connection with the collection of Defendant PRA's debt.

68. Defendant Weber violated 15 U.S.C. § 1692e by making a false, deceptive, or misleading statement in connection with the attempt to collect the debt.

69. Defendant Weber's conduct violated 15 U.S.C. § 1692f when it engaged in unfair or unconscionable means to attempt to collect a debt.

70. Defendant Weber violated 15 U.S.C. § 1692d each time it violated the MCPA, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

71. As a result of Defendant Weber's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Weber.

## COUNT IV.
## DEFENDANT WEBER'S VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT
## M.C.L § 445.251 *et seq.*

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions of Defendant Weber and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*

74. Defendant Weber violated M.C.L. § 445.252(e) by making an inaccurate statement or claim in a communication to collect a debt.

75. Defendant Weber violated M.C.L. § 445.252(e) by making a misleading statement or claim in a communication to collect a debt.

76. Defendant Weber violated M.C.L. § 445.252(e) by making an untrue statement or claim in a communication to collect a debt.

77. Defendant Weber violated M.C.L. § 445.252(e) by making a deceptive statement or claim in a communication to collect a debt.

78. Defendant Weber violated M.C.L. § 445.252(f)(i) by misrepresenting in a communication with a debtor, the legal status of a legal action being taken or threatened.

79. Defendant Weber violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication with a debtor, the legal rights of the Plaintiff.

80. Defendant Weber violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt.

81. Defendant Weber violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by its employees.

82. As a result of Defendant Weber's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant Weber.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants as follows:

### COUNT I.
### DEFENDANT PRA'S VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant PRA and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant PRA and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant PRA and for Plaintiff.

## COUNT II.
## DEFENDANT PRA'S VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant PRA and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant PRA and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant PRA and for Plaintiff.

## COUNT III.
## DEFENDANT WEBER'S VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Weber and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Weber and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Weber and for Plaintiff.

## COUNT IV.
## DEFENDANT WEBER'S VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT
## M.C.L. § 445.251 *et seq.*

- for damages pursuant to M.C.L. § 445.257(2) against Defendant Weber and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant Weber and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant Weber and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: November 2, 2016

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com